**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**INTERNATIONAL UNION OF**
**OPERATING ENGINEERS, LOCAL 17,**

                    **Plaintiff,**              06-CV-00241A(Sr)

v.

**CRANE-HOGAN STRUCTURAL**
**SYSTEMS, INC.,**

                    **Defendant.**

---

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #4.

Currently before the Court is plaintiff's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Dkt. #6. Plaintiff seeks confirmation of an arbitration award and an award of costs and attorneys' fees.  Dkt. #6.  For the following reasons, it is recommended that the arbitration award be confirmed and costs be permitted in accordance with Rule 54(d)(1) of the Federal Rules of Civil Procedure, but that plaintiff's request for attorneys' fees be denied.

**BACKGROUND**

On December 5, 2005, an arbitrator issued an Opinion and Award determining that defendant had used a piece of machinery in violation of the parties' collective bargaining agreement and awarding plaintiff an amount equal to 32 hours of wages and fringe benefit contributions at the rates prevailing in August, 2004. Dkt. #1, Exh. B; Dkt. #6, ¶ 2.

Plaintiff's counsel declares that he telephoned defendant's attorney in February, 2006 and left a message to the effect that plaintiff was waiting to receive payment of the arbitration award but received neither a return call nor payment. Dkt. #6, ¶ 4. Defendant's counsel declares that he was in trial for much of February, 2006 and cannot confirm nor deny that plaintiff's counsel telephoned him. Dkt. #9, ¶ 4. However, defendant's counsel does declare that he did not receive a voice mail message from plaintiff's counsel and that he never received a calculation of the amount due plaintiff, either by telephone, letter or e-mail. Dkt. #9, ¶ 5.

Plaintiff commenced this action on April 11, 2006. Dkt. #1. On April 27, 2006, plaintiff's counsel declares that defendant's counsel called his firm to inquire about the amount due. Dkt. #6, ¶ 7. Plaintiff's counsel informed defendant's counsel that the amount due was $1,434.24 and also demanded payment of costs and attorneys' fees incurred in commencing this federal court action. Dkt. #6, ¶ 8. Defendant declined to pay litigation costs, but delivered a check in the amount of $1,434.24 to plaintiff on May 3, 2006. Dkt. #6, ¶¶ 9- 10.

## **DISCUSSION AND ANALYSIS**

Defendant does not oppose confirmation of the arbitration award, but does contest plaintiff's request for attorneys' fees. Dkt. #9, ¶¶ 2-3. Defendant argues that plaintiff's failure to attempt to secure the award without resort to federal litigation should not be rewarded with attorneys' fees. Dkt. #9, ¶ 12.

The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997), *cert. denied*, 522 U.S. 1111 (1998). To avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation, review of arbitration awards is very limited. *Id.* As a result, "the showing required to avoid summary confirmance is high." *Id., quoting Ottley v. Schwartzberg*, 819 F.2d 373, 377 (2d Cir. 1987). In the instant case, defendant does not oppose confirmation of the arbitration award. Accordingly, it is recommended that the award be confirmed.

"Under the prevailing American rule, in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award." *International Chemical Workers Union (AFL-CIO), Local 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985). This action was commenced pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award. *Id.* However, a court may award attorney's fees pursuant to its

inherent equitable powers when the opposing party "acts in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (internal quotation omitted).  In other words, "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (internal quotation omitted). "A party's failure to pay an arbitration award immediately, however, does not necessarily constitute bad faith." *In re Arbitration between Westchester Fire Ins. Co. v. Massamont Ins. Agency*, 420 F. Supp.2d 223, 227 (S.D.N.Y. 2005).

In the instant case, defendant's conduct does not warrant an award of attorneys' fees.  The arbitrator's opinion and award does not set forth a specific dollar amount but requires calculation of 32 hours of wages and fringe benefit contributions at the rates prevailing in August, 2004.  Dkt. #1, Exh. B.  There is no indication that plaintiff conveyed its calculation of the amount due at any time between receipt of the arbitrator's opinion and award and defense counsel's telephone call of April 27, 2006. Dkt. #6, ¶ 7.  Defendant delivered a check for that amount within a week of that conversation.  Dkt. #6, ¶ 10.  This can hardly be considered vexatious conduct on the part of defendant.  Although plaintiff was not required to attempt to settle this matter before exercising its right to seek confirmation of the arbitrator's opinion and award, the Court will not recommend an award of attorneys' fees absent, at a minimum, the professional courtesy of a written communication seeking such a settlement prior to the commencement of litigation.  However, plaintiff's costs should be awarded to the extent permitted by Rule 54(d)(1) of the Federal Rules of Civil Procedure.  *See Westchester Fire,* 420 F. Supp.2d at 228.

## **CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that plaintiff's motion for judgment on the pleadings (Dkt. #6), be granted in part and denied in part. Specifically, it is recommended that the arbitrator's opinion and award be confirmed and that plaintiff's request for costs be awarded to the extent permitted by Rule 54(d)(1) of the Federal Rules of Civil Procedure, but that plaintiff's request for attorneys' fees be denied.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to counsel for the parties.

**SO ORDERED.**

DATED:   Buffalo, New York
         December 15, 2006

                                    **S/ H. Kenneth Schroeder, Jr.**
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**